# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------X Index No.:

RENE BASTONE, individually and as natural guardian
of L.B., a minor;                                                                      **SUMMONS**

                                        Plaintiffs,

                -against-

                                                                                          *Jury Trial Demanded*

PRINCE LIONHEART, INC., and AMAZON.COM
SERVICES INC.

                                Defendants.
-------------------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANTS**

        You are hereby summoned to answer the complaint in this action, and to serve a copy of
your answer, or if the complaint is not served with this summons, to serve a notice of appearance
on the plaintiffs' attorney(s) within twenty days after the service of this summons exclusive of
the day of service, where service is made by delivery upon you personally within the state, or
within 30 days after completion of service where service is made in any other manner. In case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

        The basis of venue designated above is that it is the Plaintiff's county of residence is New
York County.

Dated:  New York, New York
            September 20, 2021

                                        Yours, etc.,

                                        **NAPOLI SHKOLNIK, PLLC**

                                        By:
                                        Nicholas R. Farnolo, Esq.
                                        400 Broadhollow Road, Suite 305
                                        Melville, NY 11747
                                        T: (212) 397-1000
                                        F: (646) 843-7619
                                        *Attorneys for Plaintiffs*

1

TO:

**PRINCE LIONHEART, INC.**
2421 S. WESTGATE RD
SANTA MARIA, CA 93455

**AMAZON.COM SERVICES, INC.**
410 TERRY AVE. N
SEATTLE, WASHINGTON 98109

and

(DOS Process Designated Address)
CORPORATION SERVICE COMPANY
80 STATES STREET
ALBANY, NEW YORK 12207-2543

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X   Index No.:
RENE BASTONE, individually and as natural guardian
of L.B., a minor;                                                                    **VERIFIED COMPLAINT**

                                        Plaintiffs,
                -against-

PRINCE LIONHEART, INC., and AMAZON.COM
SERVICES INC.
                                        Defendants.
-----------------------------------------------------------------------X

      COMES NOW Plaintiff, **RENE BASTONE**, individually and as natural guardian of his

son **L.B.**, a minor, by his attorneys NAPOLI SHKOLNIK, PLLC to allege causes of action

against defendants as follow:

### INTRODUCTION

    1.    This matter, like many other individual cases throughout the United States against

Defendants **PRINCE LIONHEART, INC.** (hereinafter, "Prince Lionheart" or "Defendant") and

**AMAZON.COM SERVICES, INC.,** involves a toddler whose genitals were lacerated while

using a defective potty-training product. Despite having knowledge of similar incidents, Prince

Lionheart refuses to recall or warn its customers about the approximately defective products in

circulation that are being handed down from family to family in households throughout the

United States.

    2.    **L.B.** is a minor and is being identified by a fictitious name to protect his true

identity from public scrutiny given the private nature of the allegations.

    3.    On September 24, 2018, **L.B.** was using, in a foreseeable manner, a potty-

training product named the "weePOD Basix" (hereinafter, "weePOD") when L.B.'s genitals

became stuck to the weePOD, causing penile lacerations, genital injury, mutilation, and

3

permanent damage to his penis. The weePOD, manufactured and advertised by Prince Lionheart, had been purchased by a family friend. The item was sold by **AMAZON.COM SERVICES, INC.** to the friend who later passed it on to Mr. **RENE BASTONE** to be used by his son.

4.      This action is brought against the Defendants to recover all damages to which Plaintiffs are entitled as a result of the severe injuries and damages Plaintiffs sustained as set forth herein.

### PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff **L.B.** is and, at all times mentioned herein, was a minor.

6.      Plaintiff Mr. **RENE BASTONE** is, and at all times mentioned, was an adult and natural father of **L.B.,** a minor born on November 24, 2014. As such, Mr. **RENE BASTONE** is qualified to bring this action as the natural guardian of **L.B**.

7.      At all times mentioned herein, Plaintiffs resided in the County of New York, City and State of New York.

8.      Upon information and belief Defendant **PRINCE LIONHEART** is foreign or domestic corporation with its principal place of business at 2421 S. Westgate Road, Santa Maria, California 93455. Its agent for service of process is Kelly McConnell (hereinafter, "Ms. McConnell"), located at 2421 S. Westgate Road, Santa Maria, California 93455. At all relevant times herein, **PRINCE LIONHEART** sold products, including the weePOD, to members of the general public, as well as designing, testing, manufacturing, inspecting, distributing, and recalling them, in exchange for valuable consideration in New York County.

9.      Upon information and belief Defendant **AMAZON.COM SERVICES, INC.** is a foreign business corporation registered in Delaware and authorized to do business in New York. **AMAZON.COM SERVICES, INC.'s** chief executive office is at 410 Terry Ave. N, Seattle

Washington, 98109. The registered Department of State process address for **AMAZON.COM SERVICES, INC.** is: Corporation Service Company 80 States Street, Albany, New York 122072543. At all relevant times herein, **AMAZON.COM SERVICES, INC.** sold products, including the weePOD, to members of the general public, as well as designing, testing, manufacturing, inspecting, distributing, and recalling them, in exchange for valuable consideration in New York County.

10.     The weePOD product was intended for the use of the most vulnerable segment of society; children. Thus, its manufacturer was responsible of conducting hazard analysis and voluntarily recalling the product after injuries occurred.

11.     This Court has subject-matter jurisdiction over this action because the matter in controversy in this civil action exceeds the sum or value of $75,000.00, exclusive of interests and costs.

12.     This Court has personal jurisdiction over the above-named Defendants because they regularly conduct business and distribute their products in the State of New York.

13.     Venue is proper in this District because the Defendants conduct which is the subject of this lawsuit emanates from a tortious event that occurred in the plaintiffs' residence in County of New York, State of New York

## **GENERAL ALLEGATIONS**

14.     Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

15.     Since at least 2012, Prince Lionheart has been aware that the weePOD was causing lacerations to toddlers' genitals due to the faulty design and cheap materials, even when used in a normal, foreseeable, and reasonable manner. Despite that knowledge, Prince Lionheart

5

continued to design the weePOD with specifications that caused a substantial risk to toddlers of serious life altering injuries in foreseeable events.

16.     As a proximate result of the negligent design and/or design defects of the weePOD, for which Defendants are responsible, the event at issue occurred on September 24, 2018. On that day, **L.B.** was being assisted by his babysitter, in the use of the weePOD when **L.B.** sustained severe and painful wide-ranging physical and emotional injuries and damages that have resulted in severe physical and/or mental pain and suffering to **L.B.**

17.     Despite redesigning the products in August 2017 with a new textured surface to "prevent kids skin sticking" to make the product "more safer during child's use", and despite changing the warnings in March of 2018, neither **AMAZON.COM SERVICES, INC.** nor PRINCE LIONHEART warned the owners, users, and/or potential purchasers of the defective weePOD line of products. Defendants knew about the problem and knew the products were defective. Yet, **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.** continued to permit their old inventory of defective weePOD products to sell and, for years, continued to earn profits by selling the defective product. Plaintiffs are informed and believe, and thereon allege, that **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.**, inclusive, and each of them, and their officers, directors, and/or managing agents, knew of, intended for, ratified, and committed the following acts which caused Plaintiffs' damages and injuries.

18.     Plaintiffs are informed and believe, and thereon allege, that **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.**, inclusive, and each of them, and their officers, directors, and/or managing agents, sold, designed, manufactured, fabricated, distributed, retailed, wholesaled, recommended, tested, modified, controlled, advertised, created, processed, prepared, constructed, packaged, provided, warranted, repaired, maintained, marketed, labeled,

6

Case 1:21-cv-08697-KPF   Document 2-1   Filed 10/25/21   Page 8 of 22

promoted, advertised, furnished, analyzed, inspected, supplied, and placed into the stream of commerce the subject weePOD which **L.B.** was using properly and caused him serious injuries and damages.

19. Plaintiffs are informed and believe, and thereon allege, that **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.**, inclusive, and each of them, and their officers, directors, and/or managing agents, knew at all relevant times that the subject weePOD, with the inadequate materials and specifications, was defective and/or dangerous and/or knew use would result in injuries or mutilation if not properly recalled from the public, which they were not.

20. The defective and dangerous design, manufacture, and performance of the subject weePOD, including that it was unsafe for its intended use and purpose when employed in a reasonable and foreseeable manner, was knowable by means of scientific knowledge available to **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.**, inclusive, and each of them, and their officers, directors, and/or managing agents.

21. Further, **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.**, inclusive, and each of them, and their officers, directors, and/or managing agents, knew, or by means of available knowledge should have known, of the numerous other earlier injuries, consumer complaints, warranty claims, and lawsuits caused by the defective weePODs, including earlier versions and similar products, due to the inadequate and improper design, defective manufacturing, and lack of proper warnings, as specifically described herein. And yet, in conscious disregard of the rights and safety of others, including Plaintiffs, **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.**, inclusive, and each of them, and their officers, directors, and/or managing agents chose not to recall and stop selling the similarly

7

designed defective weePODs, or to provide accurate and proper instructions and warnings, or conduct a proper, timely, and reasonable recall.

22.   Plaintiffs are informed and believe, and thereon allege, that despite said knowledge on the part of **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.,** and each of them, and their officers, directors and/or managing agents, said Defendants and each of them, acted in a reckless, wanton, and malicious manner with a willful, conscious disregard for the rights, safety, and well-being of the Plaintiffs and other members of the public, when they sold, marketed, and/or distributed defective weePODs without alerting, advising, warning, properly recalling, or otherwise adequately informing purchasers and/or users of the defective weePODs regarding their defective and dangerous nature and/or character. Plaintiffs are informed and believe, and thereon allege, that **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.** further failed to alert, advise, warn, properly recall, or otherwise adequately inform purchasers and/or users of the defective weePODs that safer, alternative feasible designs were available which would substantially decrease the risk of injuries and/or mitigate its effects, substantially decreasing the risk and extent of any injury, if it occurred.

23.   Plaintiffs are informed and believe, and thereon allege, that **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.,** and each of them, and their officers, directors, and/or managing agents, further failed to alert, advise, warn, properly recall, or otherwise adequately inform purchasers and/or users of the defective weePODs' defective and dangerous nature and/or character, knowing that the defective weePODs' would be used and would fail to protect toddlers in foreseeable incidents. By failing to so alert, advise, warn, or adequately maintain or inform users of the defective and dangerous nature and/or character of said products, the Defendants, and each of them, warranted and represented that the defective

8

weePODs were safe and suitable for their intended purpose and use by **L.B.** and other members of the public. As a direct, proximate, and legal result thereof, **L.B.** was using the defective weePOD for its intended purpose and thereby suffered severe personal injuries and other damages.

24.     Plaintiffs are informed and believe, and thereon allege, that despite said knowledge on the part of Defendants **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.** and their officers, directors, and/or managing agents, Defendants acted in the manner described above and/or failed to take the actions mentioned above, for reasons of economic gain and to save money and increase their business profits. If **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.,** and each of them, had taken actions to improve, maintain, and/or stop selling defective weePODs, said acts would have cost them money. Hence, **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.,** each of them, consciously, willfully, and wantonly decided that their profits were more valuable and important than the certain human suffering and loss that resulted from their actions.

25.     Plaintiffs are informed and believe, and thereon allege, that despite said knowledge on the part of **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.** and their officers, directors, and/or managing agents, directly, and/or in authorizing and ratifying the conduct of other, acted with malice by engaging in the misconduct despicably and in a reckless, wanton, and malicious manner with a willful and conscious disregard of the rights and/or safety of others, and/or acted with oppression by engaging in the misconduct despicably and by subjecting others to cruel and unjust hardship in a reckless, wanton, and malicious manner with a willful and conscious disregard of the rights of other persons, and/or acted with fraud by engaging in the misconduct through intentional misrepresentation, deceit, and/or

concealment of material facts known to Prince Lionheart and to Amazon.com Services Inc. with the intention on the part of **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.** of thereby depriving a person or property of legal rights or otherwise causing injury, and are liable for exemplary and punitive damages. Plaintiffs are therefore entitled to an award of exemplary and punitive damages against **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.** and each of them, in an amount to be shown according to proof at trial.

## FIRST CAUSE OF ACTION

26.     Plaintiffs incorporates by reference all prior allegations contained in this Complaint.

27.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.** had a duty to provide a reasonable potty-training seat, that would protect users including **L.B.** from genital laceration when used in a foreseeable manner and not cause injury in a foreseeable accident, as well as to provide information, instructions, and warnings regarding those actual dangers.

28.     Defendants also owed the duty to warn of dangers, to properly perform repairs to and maintain and/or operate the potty-training seat in a proper and safe manner, to inspect the potty-training seat for safety, and to actually, not just by a façade of constructive warning, warn the Plaintiffs of dangers known to the Defendants.

29.     Plaintiffs allege that Defendants breached this duty of care by designing and distributing the weePOD with inadequate materials and/or specifications, which were defective and/or dangerous and/or which Defendants knew would result in injuries or mutilation due to the

10

product's propensity to cause severe injuries to the genitalia of its foreseeable consumers, i.e., small children.

30.     On or about September 24, 2018, the negligence of Defendants, was the proximate, legal cause of the damages sustained by Plaintiff **L.B.** Plaintiff has incurred damages to be shown by proof at trial.

31.     That Plaintiff, **L.B.,** was caused to sustain those bodily injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the Defendants, **PRINCE LIONHEART** and **AMAZON.COM SERVICES, INC.,** their agents, servants, licensees and/or employees, in failing to use proper skill in the designing, manufacturing and modifying of said product; in failing to provide for basic, common, safety principles; in designing, manufacturing and/or modifying the product in a defective and improper manner; in failing to advise Plaintiff that the equipment in accordance with the instructions became defective and was unsafe and hazardous; in failing to properly inspect, design, produce, modify and test the aforesaid product before allowing same to be used by the general public; in failing to give proper and timely notice to Plaintiff of the defective and unsafe product, and improperly not providing for warnings; in failing to provide a safe product, in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product; in failing to warn the Plaintiff and others of the dangerous, improper and poorly designed product; and in otherwise being careless and negligent.

32.     That by reason of the foregoing, Plaintiff, **L.B.,** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

11

33.    As a direct and proximate result of the foregoing negligence, tortious conduct, and wrongdoing of Defendants, Plaintiff **L.B.** was injured on or about September 24, 2018, when **L.B.** was being assisted using the product by the babysitter. **L.B.** sustained severe and painful physical and emotional injuries and damages, as well as a myriad of other debilitating personal injuries, which resulted in severe physical and/or mental pain and suffering to **L.B.**

34.    As a direct and proximate result of Defendants' negligence, tortious conduct and wrongdoing that resulted in **L.B.**'s injuries, Plaintiffs have incurred in medical and other healthcare-related expenses, lost wages for the time incurred in taking care of **L.B.** and Plaintiffs will incur additional medical and other healthcare related expenses in the future.

## SECOND CAUSE OF ACTION

35.    Plaintiff repeats realleges and reiterates each and every allegation set forth in the previous paragraphs, as if fully set forth herein, and further states:

36.    At all times herein mentioned, Defendant, **PRINCE LIONHEART INC.,** was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of California.

37.    At all times herein mentioned, Defendant, **PRINCE LIONHEART, INC.**, was and still is a foreign corporation duly authorized to do business in the State of New York.

38.    At all times herein mentioned, Defendant, **PRINCE LIONHEART, INC.,** maintained its principal place of business within the State of California.

39.    At all times herein mentioned, Defendant, **PRINCE LIONHEART, INC.,** was and is a partnership authorized to do business under and by virtue of the laws of the State of California.

40.    At all times herein mentioned, Defendant, **PRINCE LIONHEART, INC** was and is an entity conducting business in the State of New York.

12

41.     The Defendant, **PRINCE LIONHEART, INC.,** committed a tortious act within the State of New York.

42.     That Defendant, **PRINCE LIONHEART, INC.,** regularly does, or solicits, business in the State of New York.

43.     That Defendant, **PRINCE LIONHEART, INC.,** received substantial revenue from goods used or consumed or service rendered in the State of New York.

44.     At all times herein mentioned the Defendant, **PRINCE LIONHEART, INC.,** was in the business of designing, selling, manufacturing, modifying, producing, and/or distributing potty-training seat for the purpose of sale and use to the general public.

45.     That the Defendant, **PRINCE LIONHEART, INC.,** designed, sold, manufactured, modified, produced, and/or distributed the weePOD Basix potty-training seat.

46.     At all times herein mentioned, Defendant, **AMAZON.COM SERVICES, INC.,** was and still is a foreign corporation organized and existing under and by virtue of the laws of State of Delaware.

47.     At all times herein mentioned, Defendant, **AMAZON.COM SERVICES, INC.,** was and is an entity conducting business in the State of New York.

48.     The Defendant, **AMAZON.COM SERVICES, INC.,** committed a tortious act within the State of New York.

49.     That Defendant, **AMAZON.COM SERVICES, INC.,** regularly does, or solicits, business in the State of New York.

50.     That Defendant, **AMAZON.COM SERVICES, INC.,** received substantial revenue from goods used or consumed or services rendered in the State of New York.

13

51.     At all times herein mentioned the Defendant, **AMAZON.COM SERVICES, INC.**, was in the business of designing, selling, manufacturing, maintaining, producing, and/or distributing potty-training seat for the purpose of sale and use to the general public.

52.     That the Defendant, **AMAZON.COM SERVICES, INC.**, designed, sold, manufactured, maintained, produced, and/or distributed potty-training seats.

53.     That the Defendant, **AMAZON.COM SERVICES, INC.**, owns, operates, controls, and maintains its chief and principal offices in 410 Terry Ave. N.  Seattle, Washington, 98109.

54.     That on or about September 24, 2018, plaintiff, **L.B.**, was injured by a potty-training seat distributed by Defendant, **AMAZON.COM SERVICES, INC.**, and in particular a potty-training seat known as weePOD Basix.

55.     At all times herein mentioned and prior to September 24, 2018, the Defendant, **PRINCE LIONHEART, INC.**, designed, sold, manufactured, modified, produced, and/or distributed to various entities the said product, and to **AMAZON.COM SERVICES, INC.**

56.     At all times herein mentioned and prior to September 24, 2018, the Defendant **AMAZON.COM SERVICES, INC.**, designed, sold, manufactured, modified, produced, and/or distributed to various entities the said product, and to the Bastone's family friend, in particular.

57.     That the Defendant, **PRINCE LIONHEART, INC.**, warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

58.     That the Defendant, **AMAZON.COM SERVICES, INC.**, warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

14

59. That the Defendant, **PRINCE LIONHEART, INC.,** impliedly warranted that the said product was of merchantable quality and was safe for use.

60. That the Defendant, **AMAZON.COM SERVICES, INC.,** impliedly warranted that the said product was of merchantable quality and was safe for use.

61. That Defendant, **PRINCE LIONHEART, INC.,** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

62. That Defendant, **AMAZON.COM SERVICES, INC.,** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

63. That the aforesaid accident was caused solely and wholly by reason that Defendant, **PRINCE LIONHEART, INC.,** breached its express and implied warranty of product merchantability which warranty was expressly warranted.

64. That the aforesaid accident was caused solely and wholly by reason that Defendant, **AMAZON.COM SERVICES, INC.,** breached its express and implied warranty of product fitness for the intended use of the said product, which warranty was expressly warranted.

65. That the aforesaid accident was caused solely and wholly by reason that Defendant, **PRINCE LIONHEART, INC.,** breached its express and implied warranty of product merchantability which warranty was expressly warranted.

66. That the aforesaid accident was caused solely and wholly by reason that Defendant, **AMAZON.COM SERVICES INC.,** breached its express and implied warranty of product fitness for the intended use of the said product, which warranty was expressly warranted.

67. That on September 24, 2018, Plaintiff, **L.B.,** was caused to suffer and sustain severe bodily injuries while the product was being used in accordance with its intended use.

15

Case 1:21-cv-08697-KPF   Document 2-1   Filed 10/25/21   Page 17 of 22

68.     That solely by reason of the foregoing, **L.B.**, became sick, sore, lame and disabled, and suffered great physical and mental pain; suffered severe injuries with resultant permanent scarring, suffered nervous shock and severe and permanent injuries to various parts of his body; suffered nervous shock and injury to her nerves and nervous system, and suffered great conscious pain and suffering, all to said Plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## THIRD CAUSE OF ACTION

69.     Plaintiff repeats and realleges each and every allegation contained in all prior paragraphs hereof, with the same force and effect as if fully set forth at length herein.

70.     That the weePOD Basix was defective and that said defect was a substantial factor in causing the injuries to the Plaintiff **L.B.**

71.     That on September 24, 2018, the weePOD Basix was being used for the purpose and use normally intended.

72.     That on September 24, 2018, while the product was being used for the purpose and use normally intended, plaintiff, **L.B.**, was caused to suffer severe bodily injuries.

73.     That by reason of the foregoing, the defendant, **PRINCE LIONHEART, INC.,** its servants, agents, licensees and/or employees are liable to plaintiff for strict liability in tort, and/or strict products liability.

74.     That by reason of the foregoing, the defendant, **AMAZON.COM SERVICES INC.,** its servants, agents, licensees and/or employees are liable to plaintiff for strict liability in tort, and/or strict products liability.

16

75. That by reason of the foregoing, plaintiff, **L.B.**, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### FOURTH CAUSE OF ACTION

76. Plaintiff repeats and re-alleges each and every allegation of this Complaint as if set forth in full in this cause of action.

77. At all times material hereto, Defendants knew or should have known that it's weePOD seats were inherently dangerous with respect to the risk of causing penile lacerations, genital injury, mutilation, and permanent damage.

78. At all times material hereto, Defendants attempted to misrepresent and did knowingly misrepresent facts concerning the safety of the weePOD BASIX potty training seats. Defendants' misrepresentations included knowingly withholding material information from the medical community and the public, including Plaintiff's physicians, concerning the safety of its weePOD BASIX potty training seats. The Defendants conduct were willful, wanton, and undertaken with a conscious indifference to the consequences that consumers of their product faced, including Plaintiff.

79. At all times material hereto, Defendants knew and recklessly disregarded the fact that its weePOD BASIX potty training seats have an unreasonably high risk of causing laceration to toddlers' genitals due to the faulty design and cheap materials, even when used in a normal, foreseeable, and reasonable manner.

80. Notwithstanding the foregoing, Defendant continued to market its weePOD BASIX potty training seats aggressively to consumers, including Plaintiff, without disclosing the aforesaid defects.

17

81.     Defendants knew of their weePOD BASIX potty training seats lack of adequate warnings regarding the risk of causing severe injuries to the genitalia of its foreseeable customers, but they intentionally concealed and/or recklessly failed to disclose that risk and continued to market, distribute, and sell its potty training seats without said warnings so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious disregard of the foreseeable harm caused by weePOD BASIX potty training seats.

82.     Defendants' intentional and/or reckless failure to disclose information deprived Plaintiff's physicians of necessary information to enable him/her to weigh the true risks of using weePOD BASIX potty training seats against its benefits.

83.     As a direct and proximate result of Defendants' willful, wanton, careless, reckless, conscious, and deliberate disregard for the safety and rights of consumers including Plaintiff, have suffered and will continue to suffer severe and permanent physical and emotional injuries, as described with particularity, above. Plaintiff has endured and will continue to endure pain, suffering, and loss of enjoyment of life; and have suffered and will continue to suffer economic loss, including incurring significant expenses for medical care and treatment.

84.     Defendants' aforesaid conduct was committed with knowing, conscious, careless, reckless, willful, wanton, and deliberate disregard for the safety and rights of consumers including Plaintiff, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and deter them from similar conduct in the future.

## PRAYER FOR DAMAGES

85.     The Plaintiff demands judgment against the Defendants **PRINCE LION HEART** and **AMAZON.COM SERVICES, INC.,** for whatever amount he may be entitled, including

punitive damages if deemed applicable, together with costs of this action. The judgment against the Defendants is in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

Dated: New York, New York
      September 20, 2021

Yours, etc.,

**NAPOLI SHKOLNIK, PLLC**

By: _____

Nicholas R. Farnolo, Esq.
400 Broadhollow Road, Suite 305
Melville, NY 11747
T: (212) 397-1000
F: (646) 843-7619
*Attorneys for Plaintiffs*

19

Case 1:21-cv-08697-KPF   Document 2-1   Filed 10/25/21   Page 21 of 22

## VERIFICATION

STATE OF NEW YORK          )
                                  ) ss:
COUNTY OF NASSAU          )

I, Nicholas R. Farnolo, an attorney duly admitted to practice law in the Courts of this State, affirms the following under penalties of perjury:

I am the attorney for the Plaintiff in the above entitled-action. I have read the foregoing **SUMMONS and VERIFIED COMPLAINT** and know the contents thereof, and upon information and belief, affirmant believes after an inquiry reasonable under the circumstances the matters alleged herein to be true, and that the contentions herein are not frivolous, as that term is defined in Part 130.

This verification is made by your affirmant because Plaintiff is not presently in the county wherein your affirmant maintains an office.

The source of affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file maintained by this office.

Dated: New York, New York
       September 20, 2021

Nicholas R. Farnolo, Esq.

20

Case 1:21-cv-08697-KPF Document 3-1 Filed 10/25/21 Page 22 of 22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X   Index No.:
RENE BASTONE, individually and as natural guardian
of L.B., a minor;

                                    Plaintiffs,
              -against-

PRINCE LIONHEART, INC., and AMAZON.COM
SERVICES INC.

                                    Defendants.
------------------------------------------------------------------------X

## SUMMONS and VERIFIED COMPLAINT

**NAPOLI SHKOLNIK, PLLC**
*Attorneys for Plaintiffs*
400 Broadhollow Road, Suite 305
Melville, New York 11747
(212) 397-1000

By my signature below, the undersigned attorney certifies pursuant to 22 NYCRR §130-1.1-a
that I have read the within papers and that, to the best of my knowledge and belief, the same are
not frivolous as that term is defined in 22 NYCRR §130-1.1(c).

Nicholas R. Farnolo, Esq.

PLEASE TAKE NOTICE:
      □ NOTICE OF ENTRY
that the within is a (certified) true copy of an _____ duly entered in the office of the clerk of
the within named court on _____ 20____.

Dated:                                    Yours, etc.
                                          **NAPOLI SHKOLNIK, PLLC**

21